# CITY OF ELGIN

## v.

## L. B. PICARD.

*Municipal Corporations—Street Vendors—License—Ordinance Strictly Construed—Soliciting Orders, not within.*

1. Soliciting and taking orders for shirts without a license is not a violation of a city ordinance which prohibits selling, offering for sale, bartering or exchanging any goods, wares, merchandise or other articles of value without a license.

2. A city ordinance which is penal in character must be strictly construed.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. F. W. JOSLYN, for appellant.

Messrs. BOTSFORD & WAYNE, for appellee.

LACEY, J. This suit was originally brought before a Justice of the Peace, by the appellant, to recover against the appellee for violating the city ordinance of the appellant against the sale of goods within the city by traveling salesmen without license. The cause in the Circuit Court was tried on an agreed state of facts by the court without a jury, and resulted in a finding by the court in favor of the appellee, and judgment against appellant for costs.

It appears from the agreed state of facts that the ordinance in question reads as follows: "Every person who shall sell, offer for sale, barter or exchange any goods, wares, merchandise or other article of value, traveling from place to place in, upon and along the streets of said city, shall be deemed a peddler. Every such person shall, before engaging in any way in said business within the City of Elgin, obtain a license as a

City of Elgin v. Picard.

peddler, under a penalty of $25 for each offense, and every day or part of a day any such person shall engage in said business without a license shall be deemed a separate offense."

It was further agreed that "the defendant, as the agent and employe of the Castle Shirt Company, whose principal place of business was at Chicago, Illinois, on or about the 12th day of December, 1885, was in the City of Elgin, Illinois, going from place to place, soliciting and taking orders and taking measurements for gentlemen's shirts, and exhibiting a manufactured sample of the goods and styles of make-up. Thereupon, the facts coming to the knowledge of the city marshal, appellee was arrested and taken before the police magistrate, and fined $25 for violation of said city ordinance.

"The orders and measures so taken by defendant were to be sent to Chicago and there filled by said company, which manufactured the goods, returned them to one Wadell, a jewelry merchant at Elgin, where parties giving their orders called, received their goods and paid their money to said Wadell, who acted as agent for said company, and receipted for such goods as such agent."

The City of Elgin was duly incorporated as a city under the general laws of the State of Illinois. The court below held that the said acts of the appellee did not constitute a violation of the city ordinance, and the refusal of the court to so hold is here assigned for error, and that is the main question to be decided here.

We are of the opinion that the Circuit Court held correctly as to the law. The stipulation is that appellee was only taking and soliciting orders. This is not equivalent to selling, offering for sale, bartering or exchanging any goods, wares, merchandise or other article for value. It does not appear that appellee had the power to close a bargain for the sale of the shirts. He could only take orders, which his principals might or might not fill, at their pleasure.

The taking of the orders does not come within any of the provisions of the ordinance. The ordinance in question is penal in its nature and must be strictly construed. Spencer v. Whiting, 28 N. W. R., 13 Iowa. It is not necessary to no-

tice the question raised as to the legality of the arrest. Holding that the acts of appellee constituted no violation of the ordinance in question, it follows that the judgment of the court below must be affirmed.

*Judgment affirmed.*